Schlesinger v Sisters of the Order of St. Dominic (2025 NY Slip Op 01831)

Schlesinger v Sisters of the Order of St. Dominic

2025 NY Slip Op 01831

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-02797
 (Index No. 615594/21)

[*1]Dawn Schlesinger, respondent, 
v
Sisters of the Order of St. Dominic, appellant, et al., defendant.

Farrell Fritz, P.C., Uniondale, NY (Domenique Camacho Moran and Jana A. Schwartz of counsel), for appellant.
The Lambrou Law Firm, P.C., New York, NY (Lambros Y. Lambrou and Andrew Dellaripa of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Sisters of the Order of St. Dominic appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated February 21, 2024. The order, insofar as appealed from, in effect, denied those branches of that defendant's motion which were for summary judgment dismissing the causes of action alleging negligent hiring, retention, and supervision and premises liability insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendant Sisters of the Order of St. Dominic (hereinafter the defendant), and another defendant. In particular, the plaintiff alleged that, as a student of Christ the King Parish School (hereinafter the School) she was sexually abused and assaulted by the School's janitor, George Bernard. The plaintiff asserted causes of action against the defendant alleging, inter alia, negligent hiring, retention, and supervision of Bernard and premises liability.
Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated February 21, 2024, the Supreme Court, in effect, denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging negligent hiring, retention, and supervision of Bernard and premises liability insofar as asserted against it. The defendant appeals.
"To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury and that there exists a connection between the defendant's negligence . . . and the plaintiff's injuries" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [citations and internal quotation marks omitted]). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring, retention, or supervision of the employee" (id. [alteration and internal [*2]quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 847).
Here, the defendant failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing, insofar as asserted against it, the causes of action alleging negligent hiring, supervision, and retention of Bernard. In particular, the defendant failed to eliminate triable issues of fact as to whether it lacked an employer/employee-like relationship with Bernard and, therefore, could not be held liable for negligent hiring, retention, or supervision of Bernard. In this regard, among other things, the defendant's own witness testified that the defendant's members had been variously appointed as teachers, administrators, and principal of the School and had a role in hiring lay teachers and appointing other members to positions at the School.
The defendant also failed to eliminate triable issues of fact as to whether it knew or should have known of Bernard's propensity for sexual abuse (see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847).
Accordingly, the Supreme Court did not err in denying those branches of the defendant's motion which were for summary judgment dismissing, insofar as asserted against it, the causes of action alleging negligent hiring, retention, and supervision of Bernard, regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendant's remaining contention is without merit.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court